# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

MARLOW WILLIAMS, SR.                                                                PLAINTIFF

V.                                       3:14CV00181 DPM/JTR

LUKE MOYER, Deputy Sheriff,
Craighead County Jail, et al.                                                      DEFENDANTS

# ORDER

Plaintiff, Marlow Williams, Sr., is a prisoner in the Craighead County Jail. He has filed a *pro se* § 1983 Complaint and an Application to Proceed *In Forma Pauperis*.

## I.  Application to Proceed *In Forma Pauperis*

The Prison Litigation Reform Act ("PLRA") provides that a prisoner who is permitted to file a civil action *in forma pauperis* still must pay the full statutory filing fee. 28 U.S.C. § 1915(b)(1).  The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time.  *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998).  Even if a prisoner is without assets and unable to pay an initial filing fee, he will be allowed to proceed with his § 1983 claims and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account.  28 U.S.C. § 1915(b)(4).  **If the prisoner's**

**case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the $350 filing fee will be collected and no portion of this filing fee will be refunded to the prisoner.**

Plaintiff has filed a certificate from an authorized official demonstrating that he is presently without sufficient funds to pay an initial partial filing fee. *Doc. 6*. Therefore, his Application to Proceed *In Forma Pauperis* is granted and no initial filing fee will be assessed. *See* 28 U.S.C. § 1915(b). However, in the future, Plaintiff must make monthly installment payments equal to 20% of the preceding month's income credited to his institutional account each time the amount in the account exceeds $10.00, until the statutory filing fee is paid in full. *Id.*

## II. Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may

consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

**A.     Excessive Force Claim**

Plaintiff alleges that, on February 28, 2014, Defendants Sergeant McFarland and Deputy Sheriff Luke Moyer used excessive force against him. *Doc. 1*. According to Plaintiff, his injuries were caused by Defendant Sheriff Marty Boyd's failure to train Defendants McFarland and Moyer on the proper use of force. The Court concludes, *for screening purposes only*, that Plaintiff has pled a viable excessive force claim against Defendants McFarland, Moyer, and Boyd.

**B.     Retaliation Claim**

Plaintiff also contends that Defendant Moyer placed him in an isolation cell in retaliation for Plaintiff filing a grievance against him. *Id.* The Court concludes, *for screening purposes only*, that Plaintiff has pled a viable retaliation claim against Defendant Moyer.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1.     Plaintiff's Application to Proceed *In Forma Pauperis (Doc. 6)* is GRANTED.

2.     Plaintiff must, nevertheless, pay the statutory filing fee of $350. The

Craighead County Sheriff, or any future custodian, is directed to collect monthly payments equal to 20% of the preceding month's income credited to Plaintiff's institutional account each time the amount in the account exceeds $10.00. The Craighead County Sheriff, or any future custodian, is further directed to send those payments the Clerk of the Court until a total of $350 has been paid.

3. The Clerk is directed to send a copy of this Order to the Craighead County Sheriff, 901 Willett Road, Jonesboro, AR 72401.

4. Plaintiff may PROCEED with his: (a) excessive force claim against Defendants Moyer, McFarland, and Boyd; and (b) retaliation claim against Defendant Moyer.

5. The Clerk is directed to prepare a summons for Defendants Moyer, McFarland, and Boyd. The U.S. Marshal is directed to serve the summons, Complaint, and this Order on them without prepayment of fees and costs or security therefor.[1]

Dated this 1st day of December, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] If any of the Defendants are no longer Craighead County employees, the individual responding to service must file a **sealed** Statement containing the unserved Defendant's last known private mailing address.